FILED
2013 Jan-15  AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **PAMELA PULLINS, an individual**<br>**and JERRY PULLINS, an individual**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BANK OF AMERICA, N.A,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

For the right column: **Civil Action No.:**

## COMPLAINT

**COME NOW** the Plaintiffs Pamela Pullins and Jerry Pullins (hereinafter "Plaintiffs"), by and through their attorneys of record, and file their Complaint as follows:

1. This is a lawsuit brought under Alabama state law related to wrongful conduct by the Defendant which has culminated in a threat of a foreclosure against the home of Plaintiffs this month (January 18, 2013).

2. This suit is also brought under federal law, including the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

3. The Plaintiffs Pamela Pullins and Jerry Pullins are Alabama residents who live in Blount County, Alabama, which is in this judicial district.

4.   The Defendant Bank of America, NA ("BOA") is a foreign mortgage company which allegedly owned, serviced, or was otherwise involved in the mortgage loan of Plaintiffs.  The principal place of business of BOA is in North Carolina and BOA is incorporated outside of Alabama.

## JURISDICTION

5.   Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiffs in Alabama.

6.   Subject matter jurisdiction exists under 28 U.S.C. Sections 1331 and 1332.

7.   The Plaintiffs are citizens of Alabama.

8.   Defendant is not a citizen of Alabama.

9.   The amount in controversy is over $75,000.

## VENUE

10.   Venue is proper in this judicial district under 28 U.S.C. Section 1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim" asserted occurred in this judicial district.

## STATEMENT OF FACTS

11.   Plaintiffs have disputed the actions of the Defendant in writing and over the phone.

12.    The Defendant has sent contradictory and nonsensical statements and correspondence to Plaintiffs concerning the loan of Plaintiffs[1].

13.    The statement amounts change without any explanation, payments have been rejected, and insurance proceeds have not been properly applied by Defendant as Defendant has agreed to do.

14.    For example, Defendant is holding a substantial amount of insurance money that was to be applied to several months of payments. Defendant agreed to do this but has refused to actually do this and instead claims Plaintiffs are in default.

15.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

    (b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

    (d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt

---

[1] It appears only Plaintiff Pamela Pullins is on the note but the Defendant has treated both Pamela and Jerry Pullins as owing the debt and the Defendant's actions concern the home of both Pamela and Jerry Pullins so they are both party Plaintiffs in this case.

collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

16.   Plaintiffs took out a consumer debt – a home loan and such loan was secured by a mortgage on the property owned by Plaintiffs.

17.   The Defendant is considered a "Debt Collector" under the Fair Debt Collection Practices Act (FDCPA) as Defendant bought the loan or was assigned the loan after it was allegedly in default.

18.   The threatened foreclosure was and is illegal and constitutes a threat to take action which Defendant is not legally entitled to take.

19.   Defendant improperly applied, charged, or otherwise handled expenses, charges, fees, payments, and the loss mitigation process (including loan modification) with Plaintiffs.

20.   Defendant did not give proper notice of the foreclosure, default, or acceleration to Plaintiffs as required by the law, the note and the mortgage.

21.   Defendant did not conduct all required pre-foreclosure counseling and loss mitigation efforts as required under the law and the documents controlling the conduct of Defendant, including servicing requirements and regulations.

22.   Transfers were allegedly made ultimately resulting in Defendant allegedly having the loan and/or the mortgage.

23.   Plaintiffs allege that all such transfers were improper, void, and without legal effect.

24.   The note and mortgage were improperly split from each other, which results in the mortgage being void.

25.   With the mortgage void, there is no right to foreclose.

26.   Defendant lacks standing to foreclose in that it has no present legal right to enforce the security agreement.

27.   All Defendant's employees and agents acted within the line and scope of their employment and/or agency relationship with Defendant.

## Damages Due to Defendant's Misconduct

28.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have and will suffer massive damages and injuries.

29.   These damages include great mental anguish, damage to reputation, economic damages, and Plaintiffs claim from Defendant all damages allowable under the law.

## COUNT ONE

## NEGLIGENCE

30.   Plaintiffs reallege all paragraphs as if set out here in full.

31. Defendant negligently threatened to conduct a foreclosure sale on Plaintiffs' property.

32. Defendant negligently handled, applied, imposed, created, serviced, and processed payments, charges, fees, expenses, loss mitigation efforts (including loan modifications) and other aspects of Plaintiffs' loan and mortgage.

33. As a direct result of the said negligence, Plaintiffs were injured and damaged as alleged above and have suffered mental anguish, economic injury and all other damages allowed by law.

34. As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO

## WANTONNESS

35. Plaintiffs reallege all paragraphs as if set out here in full.

36. Defendant acted with reckless indifference to the consequences, and consciously and intentionally threatened to conduct a wrongful foreclosure sale on Plaintiffs' property.

37. Defendant wantonly handled, applied, imposed, created, serviced, and processed payments, charges, fees, expenses, loss mitigation efforts

(including loan modifications) and other aspects of Plaintiffs' loan and mortgage.

38.   These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for Defendant.

39.   Defendant knew that these actions were likely to result in injury to Plaintiffs including financial and emotional injuries and mental anguish.

40.   As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages.

## COUNT THREE

## BREACH OF CONTRACT

41.   Plaintiffs reallege all paragraphs as if set out here in full.

42.   Defendant breached the contract with Plaintiff and thereby caused Plaintiff incidental and consequential damages (including mental anguish).

43.   This includes the improper accounting, charges, payment processing, loss mitigation efforts and the foreclosure process itself.

44.   Plaintiffs claim all damages allowable under law.

## COUNT FOUR

## NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, AND/OR TRAINING

45.   Plaintiffs reallege all paragraphs as if set out here in full.

46.   Defendant hired, supervised, and/or trained incompetent agents or employees who committed some or all of the wrongful acts set forth in this Complaint.

47.   Defendant knew or should have known of the incompetence of these agents or employees.

48.   Defendant was negligent or reckless in their hiring, supervision, and/or training which led as a direct and proximate result to the damages suffered by Plaintiffs.

49.   Plaintiffs claim all damages allowable under law.

## COUNT FIVE

## INTENTIONAL AND/OR MALICIOUS CONDUCT

50.   Plaintiffs reallege all paragraphs as if set out here in full.

51.   All actions of Defendant were made intentionally and/or malicious and led to the damages of Plaintiffs as a direct proximate result.

52.   Plaintiffs claim all damages allowable under law.

## COUNT SIX

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53.   Plaintiffs reallege all paragraphs as if set out here in full.

54.   Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

55.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

56.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

57.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

58.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

59.   Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

60.   The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

61.   As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

62.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT SEVEN

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

63.   Plaintiffs reallege all paragraphs as if set out here in full.

64.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA, including, but not limited to 15 U.S.C. §

1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

65.  As a result of the violations of the FDCPA, Plaintiffs are entitled to statutory damages, actual and compensatory damages, and reasonable attorney's fees and costs from the Defendant.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs having set forth their claims for relief against Defendant, respectfully pray of the Court as follows:

a.  That Plaintiffs recover against Defendant a sum to be determined by a jury of their peers in the form of actual, statutory, nominal, and punitive damages;

b.  That Plaintiffs recover reasonable attorney's fees, costs, expenses;

c.  That the foreclosure sale be stopped; and

d.  That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819- T82J)**
**M. Stan Herring (ASB-1074-N72M)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**


**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Bank of America, NA
c/o Brian T. Moynihan
Corporate Center
100 North Tryon Street
Charlotte, NC 28255